Nash, C. J.
 

 The case states, that the only question referred to this Court is, whether there was evidence of the agency of one Sturdevant, so as to admit his declarations. The controversy between the parties is as to the title of a wagon for the alleged coversion of which the action is brought. The witness Sturdevant was a workman in the shop of the defendant, and Came to the house of the plaintiff, driving an ox-cart belonging to the defendant, and delivered to her the message stated in the case. The reception of this testimony was opposed by the defendant, but received by the Court, upon the ground that.there was evidence that, as Sturdevant acted as the agent of the defendant, what he stated or did within the scope of his authority, and in the course of its execution, bound his principal. But, to have this effect, and to make his act or declaration evidence, it must be proved by proper evidence, independent of such act or declarations, that he was the agent of him, he professes to represent. If it were not so, any man might be bound to a contract to which he never had assented, by the acts and declarations of a person he never had authorized to act for him. Williams v. Williams, 6 Ired. Rep. 283; Monroe v. Stutts, 9 Ired. Rep. 49. The evidence set forth in the exception does not show any agency whatever, and we are at a loss to see, under the rule, as to the proof of agency, upon what circumstance or testimony the opinion was founded. We are compelled to declare there was no such evidence, and that there is error.
 

 Judgment reversed, and a
 
 venire de novo
 
 awarded.